**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| Lawrence Wiebusch, | ) | Civil Action No. 8:18-cv-02639-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Andrew M. Saul, *Commissioner of Social Security Administration*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This action arises from Plaintiff Lawrence Wiebusch's application to the Social Security Administration seeking disability insurance benefits ("DIB") under the Social Security Act ("the Act"), 42 U.S.C. § 405(g) (2019). The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision because "the [c]ourt cannot find that the Appeals Council was required to consider the evidence provided months after the hearing and decision on a reasonable probability that it would change the outcome of the ALJ's decision." (ECF No. 26 at 23.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 26) and **AFFIRMS** the final decision of the Commissioner.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a full recitation. (ECF No. 26 at 1–8.) Plaintiff applied for DIB in November 2014, claiming a disability onset date of June 7, 2013. (*Id.* at 1 (citing ECF No. 9-5 at 4–6).) His disabilities include "narcolepsy; right elbow degenerative joint disease; progressive multi-level degenerative disc disease of the cervical spine with stenosis and disc protrusion at the C7-T1 level;

left ulnar nerve entrapment; shoulder impingement syndrome; major depressive disorder; and depressive disorder." (*Id.* at 2 (citing ECF No. 17 at 3).) The Social Security Administration denied Plaintiff's initial application and the subsequent request for reconsideration. (*Id.* at 1–2 (citing ECF No. 9-3 at 33–44, 47–61).) Plaintiff appeared before an Administrative Law Judge ("ALJ") in March 2017 seeking a review of his application. (*Id.* at 2 (citing ECF No. 9-2 at 35–70).) The ALJ issued an "Unfavorable Decision" that denied Plaintiff's request for DIB. (*Id.* (citing ECF No. 9-2 at 15–27).) The ALJ's findings of fact and conclusions of law are provided as follows:

> The claimant meets the insured status requirements of [the Act] through December 31, 2018.
>
> The claimant has not engaged in substantial gainful activity since June 7, 2013, the alleged onset date (20 C.F.R. § 404.1571, *et seq.*).
>
> The claimant has the following severe impairments: narcolepsy; right elbow degenerative joint disease; progressive multi-level degenerative disc disease of the cervical spine with stenosis and disc protrusion at the C7-T1 level; left ulnar nerve entrapment; shoulder impingement syndrome; major depressive disorder; and depressive disorder (20 C.F.R. § 404.1520(c)).
>
> The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R, Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526).
>
> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following additional limitations: frequently climb ramps and stairs but never ladders, ropes, or scaffolds; never balance on slippery or moving surfaces; and occasionally stoop and crouch but never kneel or crawl. The claimant is unable to reach overhead with arms bilaterally, and he is limited to frequent fine and gross manipulation. The claimant is precluded from work involving exposure to operating moving machinery, being around unprotected heights, and other workplace hazards. The claimant is limited to unskilled low-stress work, which is defined as simple, routine, and repetitive tasks in a work environment free of fast-paced production requirements and involving only simple work-related decisions, with few, if any, workplace changes. Furthermore, the claimant requires a job with no interaction with the public and only occasional interaction with coworkers and supervisors with no tandem tasks or shared responsibilities.

The claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565).

The claimant was born on October 16, 1964, and was 48 years old, which is defined as a younger individual age 18 to 49, on the alleged disability onset date (20 C.F.R. § 404.1563).

The claimant is at least a high school education and is able to communicate in English (20 C.F.R. § 404.1564).

Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills (*See* S.S.R. § 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569 and 404.1569(a)).

The claimant has not been under a disability, as defined in [the Act], from June 7, 2013, through the date of this decision (20 C.F.R. § 404.1520(g)).

(ECF No. 9-2 at 18–27). The Appeals Council denied Plaintiff's appeal thereby rendering the ALJ's assessment to be the final decision of the Commissioner. (*Id.* at 2–7.)

Plaintiff filed a Complaint on September 27, 2018. (ECF No. 1.) The Commissioner filed the administrative record on February 20, 2019. (ECF No. 9.) Plaintiff filed a brief on April 21, 2019, raising two issues: (1) "Can a decision based on improper reliance of [Vocational Expert ("VE")] testimony be found to be based upon substantial evidence"; and (2) Where there is new and material evidence submitted at the Appeals Council, and where that evidence might have affected the findings of the fact-finder, must the case be remanded so that [the] Commissioner can weigh that evidence." (ECF No. 14 at 8, 13.) In a brief filed on May 31, 2019, the Commissioner asserted that: (1) "there is no conflict between the [VE]'s testimony and the [Department of Transportation ("DOT")] because the jobs identified comport with Plaintiff's capacity for 'simple, routine, and repetitive tasks"; and (2) "the Appeals Council properly evaluated evidence submitted after the ALJ's decision[.]" (ECF No. 16 at 8, 15.) Plaintiff filed a timely response brief on June

12, 2019, largely reasserting the claims found in his prior brief. (ECF No. 17.)

The Magistrate Judge issued a Report on November 20, 2019, recommending that this court affirm the Commissioner's final decision. (ECF No. 26 at 23.) Plaintiff timely filed Objections to the Report on December 4, 2019 (ECF No. 27), and the Commissioner filed a one-page Reply opposing Plaintiff's Objections on December 3, 2019 (ECF No. 29).

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id*. at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. *See* 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See id.*

## III. DISCUSSION

A. <u>Plaintiff's Objection</u>

Plaintiff essentially makes one objection regarding the timeframe for notifying or submitting new evidence to the Appeals Council.[1] (ECF No. 27 at 1.) Specifically, the "5-day rule . . . does not just require submission of all evidence . . . [r]ather, it requires that claimants 'must *inform* us about *or* submit all evidence known to you that relates to whether or not you are blind or disabled.'" (*Id.* (citing ECF No. 11; 20 C.F.R. § 404.1512) (emphasis in original).) Moreover, Plaintiff contends that the Magistrate Judge is mistaken in concluding that "Plaintiff makes no argument as to how the questionnaire is new or material, or how there is a reasonable probability that the evidence would change the outcome of the ALJ's decision." (*Id*. at 2 (citing ECF No. 26 at 23).)

B. <u>The Court's Review</u>

The Report provides the revised regulations that the Magistrate Judge relied upon in reaching the decision to affirm the Commissioner's final decision:

(a) The Appeals Council will review a case if—

. . .

(5) Subject to paragraph (b) of this section, the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision.

(b) The Appeals Council will only consider additional evidence under paragraph (a)(5) of this section if you show good cause for not informing us about or submitting the evidence as described in § 404.935 because:

(1) Our action misled you;

---

[1] "In light of the findings in the [United States Court of Appeals for the Fourth Circuit] case of *Lawrence* [*v. Saul*, 941 F.3d 140 (4th Cir. 2019)], [Plaintiff] does not object to the first issue." (ECF No. 27 at 1.)

(2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from informing us about or submitting the evidence earlier; or

(3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier. Examples include, but are not limited to:

. . .

(iv) You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing.

(ECF No. 26 at 20–21 (citing 20 C.F.R. § 404.970 (2017); 20 C.F.R. § 416.1470 (2017).)

Generally, the Council "is required to consider new and material evidence relating to the period on or before the date of the ALJ decision in deciding whether to grant review." *Wilkins v. Sec'y, Dept. of Health & Human Servs.*, 953 F.2d 93, 95 (4th Cir. 1991). The Appeals Council must only consider new and material evidence and need not issue specific findings regarding that evidence. *See Meyer v. Astrue*, 662 F.3d 700, 704-06 (4th Cir. 2011). "Evidence is new 'if it is not duplicative or cumulative' and is material if there is 'a reasonable possibility that the new evidence would have changed the outcome.'" *Meyer*, 662 F.3d at 705 (quoting *Wilkins*, 953 F.2d at 96). In some instances, even after examining new evidence, an ALJ's decision may stand, thereby making remand inappropriate because the decision is based upon substantial evidence. *See Smith v. Chater*, 99 F.3d 635, 638-39 (4th Cir. 1996). In other circumstances, remand may be appropriate "when consideration of the record revealed that new evidence from a treating physician was not controverted by other evidence in the record," which made the ALJ's decision unsupported by substantial evidence. *Meyer*, 662 F.3d at 707.

Here, the Magistrate Judge observed that "Plaintiff submitted new evidence to the Appeals Council from Dr. [Greeta] Handa, that being a completed questionnaire dated November 28, 2017, almost [three] months after the ALJ's decision, which indicated that it was 'most probable that

Plaintiff would [f]all asleep at unpredictable times during the working portion of each work day with taking the appropriate level of stimulant medication.'" (ECF No. 26 at 19 (citing ECF No. 14 at 14).) Moreover, "[t]he Appeals Council found that the reasons for Plaintiff's disagreement with the ALJ's decision and the exhibits provided 'do not provide a basis for changing the [ALJ's] decision." (*Id.* (citing 9-2 at 3).) Accordingly, the Magistrate Judge concluded that the Appeals Council was not required to consider the evidence provided months after the ALJ's decision and that "Plaintiff fails to argue that the ALJ improperly weighed the nurse practitioner's opinion, and fails to provide any explanation regarding how the opinion provided by Dr. Handa provides any new or material evidence that the ALJ had not previously considered." (*Id.* at 23.)

The court is unpersuaded by Plaintiff's claim that the ALJ was "informed" of the medical records in a timely manner. (ECF No. 27 at 4.) Indeed, as the Report points out, "[t]he regulations governing the Appeals Council's consideration of new evidence . . . requires "that all evidence, objections, or written statements be submitted at least [five] business days before the date of the [ALJ] hearing . . . and that this '[five]-day requirement applies only to pre-hearing written statements, not to post-hearing written statements.'" (ECF No. 26 at 20.) The relevant medical records, i.e., Dr. Handa's questionnaire, qualify as post-hearing written statements because they were written almost three months after the ALJ's decision. (*Id.* at 19.) Therefore, the Appeals Council did not err in finding that Plaintiff lacked good cause to submit the evidence three months after the ALJ's decision and that it failed to show a reasonable probability of a different outcome. *Forney v. Berryhill*, No. 2:18-cv-00423, 2019 WL 1574284, at *4 (D.S.C. Mar. 25, 2019).

Therefore, the court finds that the Magistrate Judge did not err in finding that Plaintiff did not have good cause for submitting Dr. Handa's questionnaire eight months after the ALJ hearing and three months after the ALJ issued an "Unfavorable Decision." (ECF No. 26 at 22.)

## IV. CONCLUSION

For the reasons above, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 26) and **AFFIRMS** the final decision of the Commissioner.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 24, 2020
Columbia, South Carolina